IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOYCE M. BENEDIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1060-D |
| ) | |
| INDEPENDENT SCHOOL DISTRICT NO. I-007 ) | |
| OF OKLAHOMA COUNTY, OKLAHOMA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter comes before the Court on the Motion to Dismiss [Doc. 19] of Defendants Dave Wiegert, Mike Sammons, Ed Welton, Kevin McBrayer, Jeff Winters, and Independent School District No. I-007 of Oklahoma County a/k/a Harrah Public Schools, filed pursuant to Fed. R. Civ. P. 12(b)(6). In this employment discrimination case involving multiple claims, the Motion seeks dismissal only of a state law tort claim of negligent hiring, supervision and retention asserted in Count VI of the Complaint. The movants are individual school board members and the school district that employed Plaintiff. The Motion raises the issue of immunity from tort liability under Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172. Plaintiff has timely opposed the Motion, which is at issue.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v.*

*Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

## Plaintiff's Claims

The Complaint states that Plaintiff is a female, former employee of Harrah Public Schools who was over age 40 when she was removed from her position as an elementary school principal and replaced by a younger, less-qualified male employee in 2007. Plaintiff claims this decision was made by the superintendent, Defendant Dean Hughes, as a result of age and gender discrimination. Plaintiff further alleges that Superintendent Hughes, with approval of the school board, demoted Plaintiff to the position of Director of Alternative Education for the 2007-08 school year and then terminated her employment by the non-renewal of her contract the following school year. Superintendent Hughes allegedly accomplished Plaintiff's termination by recommending to the school board that the position of Director of Alternative Education be eliminated, and the board members unanimously voted to eliminate the position.

The negligence claim asserted in Count VI of the Complaint is brought only against the school district and the school board members. Although it is unclear from the allegations of Plaintiff's pleading, Defendants assume Count VI concerns only the employment of Superintendent

Hughes. Plaintiff does not disagree with this reading of the Complaint in her response brief. Thus, the Court proceeds under this assumption as well.

**Defendant's Motion**

The school district seeks dismissal of Plaintiff's negligence claim based on an exemption from liability under the Act for performing or failing to perform "any act or service which is in the discretion of the [school district] or its employees."[1] *See* Okla. Stat. tit. 51, § 155(5). The school district contends the hiring of a superintendent is a discretionary act that involves a judgment-making process and, likewise, the decision not to terminate a superintendent is "a judgment call." *See* Defs.' Mot. Dism. [Doc. 19] at 5. The individual board members seek dismissal based on their immunity from liability for acts done within the scope of their employment and the prohibition against naming them as defendants under those circumstances. *See id*. §§ 153(B), 163(C). The board members contend they were authorized by statute to employ a superintendent, *see* Okla. Stat. tit. 70, § 5-106, and they were clearly acting within the duties of their positions in making decisions regarding Superintendent Hughes' employment by the school district.

**Discussion**

**A.     Discretionary Function Exemption**

The school district's argument that discretionary decisions, as opposed to ministerial ones, are protected under the discretionary function exemption rests on the proposition that an act "is discretionary when it is the result of judgment." *Robinson v. City of Bartlesville Board of Education*, 700 P.2d 1013, 1017 (Okla. 1985). It also relies on case law from another jurisdiction

---

[1] The Act waives sovereign immunity for the state and its political subdivisions (including school districts) "only to the extent and in the manner provided in this act." See Okla. Stat. tit. 51, § 152.1(B). It authorizes liability for torts committed by a political subdivision or "its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act." Id. § 153(A). The Act then provides 33 specific exemptions from liability. See id. § 155.

holding that "the decision of whether to terminate a tenured teacher is a discretionary one and thus is subject to the defense of official immunity." *Jarrett v. Butts*, 379 S.E.2d 583, 587 (Ga. Ct. App. 1989). Plaintiff relies on a recent decision of United States District Judge James H. Payne holding that "discretionary function immunity does not apply" to a claim of negligence by a school district in hiring, retaining, and supervising a particular teacher, in that case, a high school band director who had a sexual relationship with a student. *See J.M. v. Hilldale Independent School Dist. No. I-29*, No. CIV-07-367-JHP, 2008 WL 2944997, *13 (E.D. Okla. July 25, 2008).

In deciding the question of Oklahoma law presented, the Court "must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (internal quotation and citation omitted). Of course, this Court is also bound by any decision of the Tenth Circuit interpreting state law. *See Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 867 (10th Cir. 2003). Neither the parties' briefs nor independent research discloses any controlling decision regarding the applicability of the discretionary function exemption to a claim of negligent hiring, supervision and retention of an employee. Thus, the Court must attempt to predict how the Oklahoma Supreme Court would rule.

In *Robinson*, the Oklahoma Supreme Court considered the application of the discretionary function exemption to the construction and maintenance of a high school parking lot with an allegedly sunken drain that caused a pedestrian to fall and break her ankle. *See Robinson*, 700 P.2d at 1014. In deciding that the school board was not immune for its ministerial or operational acts regarding the parking lot, the court expressly stated: "Where discretion ends and actionable

negligence begins cannot be defined without reference to the factual situation in which the question of discretionary v. ministerial has arisen." *Id*. at 1017. The court further cautioned in *Nguyen v. State*, 788 P.2d 962 (Okla. 1990), which involved a decision to release a mental patient:

> [T]he discretionary function exemption from governmental tort liability is extremely limited . . . because a broad interpretation would completely eradicate the government's general waiver of immunity. Almost all acts of government employees involve some element of choice and judgment and would thus result in immunity if the discretionary exemption is not narrowly construed.

*Id*. at 964. The court held in *Nguyen*, that "the release of a mental patient is not a discretionary act" and that governmental immunity depended on whether the facts and circumstances showed that the patient's release was done "in conformance with current recognized standards" and thus fell within a different exemption. *See id*. at 966 (quoting Okla. Stat. tit. 51, § 155(28)).

In this case, the parties present as persuasive authority two non-binding decisions involving school teachers that, in the Court's view, are factually distinguishable.[2] This case involves a school superintendent, and under Oklahoma law, "the superintendent of schools appointed and employed by the board shall be the executive officer of the board and shall perform duties as the board directs." Okla. Stat. tit. 70, § 5-106. The superintendent's position and relationship with the school district is not comparable to that of a classroom teacher or other non-managerial employee.

Turning then to general principles and policy considerations underlying the discretionary function exemption, the Court notes that the Oklahoma Supreme Court, like other courts, has drawn the distinction between acts or decisions that involve policy choices and those that are ministerial or operational in nature and thus can be judged by objective standards such as reasonable safety and due care. *See Robinson*, 700 P.2d at 1015-16; *see also Nguyen*, 788 P.2d at 964-65 (noting that

---

[2] *See supra* page 4 (citing *Jarrett v. Butts*, 379 S.E.2d 583 (Ga. Ct. App. 1989); *J.M. v. Hilldale Independent School Dist. No. I-29*, No. CIV-07-367-JHP, 2008 WL 2944997 (E.D. Okla. July 25, 2008)).

*Robinson* accords with the majority, planning-operational approach developed in *Dulehite v. United States*, 346 U.S. 15 (1953), under the Federal Tort Claims Act and followed in other jurisdictions). Recently applying this approach, the Tenth Circuit held that the discretionary function exception to the Federal Tort Claims Act barred a wrongful discharge suit by former employees of a federal agency because the termination decision at issue "involve[d] an element of choice and [was] the kind of decision that implicate[d] policy concerns relating to accomplishing the agency's mission." *Sydnes v. United States*, 523 F.3d 1179, 1187 (10th Cir. 2008).

Similarly, in this case, the Court concludes that the school district's decisions regarding the hiring, retention, and supervision of its superintendent are generally the kind of decisions that implicate policy concerns relating to its educational mission. Therefore, absent any factual allegations by Plaintiff that would take the school district's employment decisions regarding Superintendent Hughes outside of this general rule, the Court finds that Plaintiff's claim against the school district for negligence in his hiring, supervision and retention is barred by the discretionary function exemption of § 155(5). Upon examination of the Complaint, the Court finds no factual allegation that would support a finding that the conduct and decisions underlying Plaintiff's negligence claim were merely operational in nature. Therefore, the Court finds that Plaintiff has failed to state a tort claim in Count VI of the Complaint for which the school district can be held liable. Thus, the school district's Motion should be granted and Count VI should be dismissed as to the school district.

**B.     Scope of Employment**

The individual board members are immune from liability while acting within their "scope of employment," which "means performance by an employee acting *in good faith* within the duties of the employee's office or employment . . . ." Okla. Stat. tit. 51, § 152(11) (emphasis added).

Plaintiff argues in opposition to the dismissal of Count VI against the board members that the question of whether they were acting in good faith is a factual question and, thus, dismissal would be premature "because it would require the Court to make a factual determination without a proper evidentiary basis." *See* Pl.'s Resp. Def.'s Mot. Dism. [Doc. 24] at 7.  The question presented by a Rule 12(b)(6) motion is simply the sufficiency of Plaintiff's pleading, that is, whether it "alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *See Lane*, 495 F.3d at 1186.  Upon examination of the Complaint, the Court finds no factual allegations that would support a finding that the board members were not acting in good faith in their employment decisions regarding Superintendent Hughes.  Therefore, the Court finds that the negligence claim asserted in Count VI against the board members individually should be dismissed.

## Conclusion

For the reasons stated above, the school district and the individual board members are entitled to the dismissal under Rule 12(b)(6) of the claim asserted against them in Count VI.

IT IS THEREFORE ORDERED that the Motion to Dismiss [Doc. No. 19] is GRANTED. Plaintiff's negligence claim in Count VI of the Complaint is dismissed.

IT SO ORDERED this 9th day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE